UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CRISTINA CAMPOS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Case No. 3:22-cv-00059<br><br>MEMORANDUM OPINION<br><br>Judge Norman K. Moon |

    This case arises out of injuries Plaintiff suffered when an employee of the Department of Homeland Security and the United States Secret Service driving a Chevy Suburban rear-ended Plaintiff's vehicle. The Government has moved to dismiss the action. Because Plaintiff did not comply with the law governing submission of claims to a federal agency and failed to notify the agency of the "sum certain" for her personal injuries before filing suit, the Court will grant the Government's motion and dismiss the action.

    On October 20, 2020, as Plaintiff was driving her car in Culpeper County, she began to slow down to make a left-hand turn. Compl. at 3 (¶ 1). At that time, Mr. Lesicka, an employee of the United States Department of Homeland Security and United States Secret Service, who had been driving behind Plaintiff in a Chevy Suburban crashed it into the back of Plaintiff's vehicle. *Id.* at 3 (¶¶ 2–3); *see* Dkt. 11-1 (U.S. Certification of Scope of Employment). Plaintiff alleged that Mr. Lesicka was driving his car in a negligent and reckless manner, and that she suffered injuries as a result. Compl. at 4 ¶¶ (4–6).

On November 2, 2020, the Department of Homeland Security received a letter from Plaintiff's prior lawyer, informing the agency that he represented her "in connection with injuries she sustained in a recent automobile collision, and for [his] client's property damage matters." Dkt. 15-1. Her prior lawyer directed the agency to "cease any and all contact with [his] client." And he further stated that "[his] practice is to send you all medical bills, all medical reports, including any relevant prior medical records, and any lost wage documentation, when [he] formally demand[s] settlement." *Id.*

On November 20, 2020, Plaintiff's prior lawyer submitted a Standard Form 95 ("SF 95") Claim for Damage, Injury, or Death, to the United States Secret Service, for damages incurred in the October 20, 2020 collision. Dkt. 15-2. In the form, Plaintiff sought $9,959.16 in property damage for the "total loss" of her vehicle. She also described the nature and extent of her injuries as "left fibula frractured [sic]; right leg, chest, neck, shoulders, back, right arm and left foot/toe." *Id.* at 1. Under the "amount of claim (in dollars)," under "personal injury," Plaintiff responded: "[n]ot available at the moment." *Id.* And in the section for writing the total amount of her claims, Plaintiff answered "[n]ot available at the moment." *Id.* That part of SF 95 cautioned: "[f]ailure to specify may cause forfeiture of your rights." *Id.* The instructions for the SF 95 further advised, in bold font, "**[f]ailure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights**." *Id.* at 2.

On August 18, 2021, having heard nothing further from Plaintiff's former lawyer in the interim, the Chief Counsel of the Secret Service wrote Plaintiff's former lawyer concerning the claim from the October 20, 2020 accident. Dkt. 15-3. Therein, he warned that "no documentation has been provided in support of the personal injury claim and no sum certain is provided on the SF 95 for the personal injury portion on this claim. We cannot consider this claim until a sum

certain has been provided." *Id.* He also identified documentation that "should be submitted" in connection with the personal injury claim. *Id.* at 1–2.

Lastly, on March 10, 2022, still having heard nothing further from Plaintiff's former lawyer, the Chief Counsel of the Secret Service wrote Plaintiff's former lawyer again. Therein he warned that "[w]e note that we still have not received any correspondence nor documentation in support of the personal injury claim." Dkt. 15-4 at 1. He also wrote: "Please be advised that no action can be taken on your client's claim until a sum certain for all claims has been established and verified." *Id.* at 2. The letter further contained the following cautionary language:

> Because we have not received any communication from your firm since our August 18, 2021, letter, if the Secret Service does not receive any correspondence from you within 45-days, the Secret Service will consider this claim closed and this claim will be deemed denied. **This denial at the end of the 45-day period will be a final denial of this claim**, and you will not receive any additional correspondence from the Secret Service. In this instance, this claim will be forever barred unless suit is filed within the appropriate Federal district court under the Federal Tort Claims Act within six months of this final denial.

Dkt. 15-4 at 2 (emphasis in original).

Plaintiff's prior lawyer never responded to the Secret Service directly, nor provided it a "sum certain" for Plaintiff's claim, and accordingly the Secret Service denied Plaintiff's personal injury claim. *See* Dkt. 15 at 3 Compl. at 3 (¶ E) (describing issuance of Secret Service "final administrative action" on April 24, 2022); Dkt. 21 at 2 (writing that the Government "ultimately processed her claim and denied it").

On October 18, 2022, Plaintiff, now represented by new counsel, filed suit in this Court pursuant to the FTCA against Mr. Lesicka, the United States Department of Homeland Security, United States Secret Service, and United States. Dkt. 1. Plaintiff sought $1,000,000 in damages in her complaint. *Id.* at 6. The Government subsequently filed a motion to substitute the United States as the party defendant pursuant to 28 U.S.C. §§ 2679(b)(1) and (d)(1), in place of the other

3

defendants. Dkt. 11. The Court granted the motion to substitute. Dkt. 12. The Government then filed a motion to dismiss for lack of subject matter jurisdiction, which has been fully briefed. Dkts. 14, 15, 21, 24. The motion is ripe for disposition.[1]

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure tests a district court's subject matter jurisdiction. The plaintiff bears the burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion, as the party asserting the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A trial court may consider evidence and matters outside the complaint on a Rule 12(b)(1) motion without converting the proceeding to one for summary judgment. *Id.*

Plaintiff sues the United States for damages for her personal injuries under the limited waiver of sovereign immunity embodied in the FTCA. The United States is immune from suit except insofar as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Because the circumstances supporting a waiver of sovereign immunity "must be scrupulously observed and not expanded by the courts," a claimant accordingly "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Post. Serv.*, 223 F.3d 275, 278 (4th Cir. 2000).

"[A] tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). The FTCA also provides that

---

[1] Upon consideration of the parties' memoranda, the legal issues presented therein have been fully argued and briefed and oral argument would not aid the Court in its disposition of the motion to dismiss.

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury or loss to property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This statute "indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Accordingly, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 113. The mandate in 28 U.S.C. § 2675(a) that claimants file an administrative claim "is jurisdictional and may not be waived." *Kokotis*, 223 F.3d at 278 (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).[2]

The FTCA's implementing regulations state that a claim is properly presented when the Federal agency receives from the claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident …." 28 C.F.R. § 41.2(a). Accordingly, to present a personal injury claim to an agency under the FTCA, (1) "the claimant must present it to the agency in writing by means of an SF 95

---

[2] While the Supreme Court and Fourth Circuit have held that the FTCA's two-year statute of limitations in 28 U.S.C. § 2401 is not jurisdictional, these cases did not address the § 2675(a) exhaustion requirement. *Wong*, 575 U.S. at 405; *Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016). Subsequent precedent in the Fourth Circuit and the prevailing view elsewhere has continued to hold that § 2675(a)'s prohibition on filing suit until administrative remedies have been exhausted is a jurisdictional bar. *See, e.g.*, *Sowers v. United States*, No. 1:17-cv-1490, 2018 WL 6709509, at *5 (E.D. Va. Dec. 20, 2018); *Wright v. United States*, No. 22-2658, 2023 WL 2010984, at *1 (4th Cir. Feb. 15, 2023) (per curiam and unpublished) ("Because Wright did not properly exhaust his administrative remedies, he was barred from bringing the instant suit … and the district court lacked jurisdiction to consider it."); *Smith v. U.S. Dep't of Justice*, No. 22-cv-2005, 2023 WL 2864960, at *2 n. 2 (D. Md. Apr. 10, 2023).

or an equivalent," and (2) "the writing must include a claim for money damages in a sum certain." *Ahmed*, 30 F.3d at 517.[3] This must be done within two years of the accident. *Id.* The sum-certain requirement is "one of substantial importance" that allows the agency to assess the value of a claim, and accordingly courts "require that the claimant place a certain value on the claim." *Id.*; *Kokotis*, 223 F.3d at 279. Since "[r]equesting a sum certain is a necessary element of any FTCA administrative claim," the Fourth Circuit holds that "[f]ailure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Kokotis*, 223 F.3d at 278–79.

In this case, the Government argues that Plaintiff failed to present her personal injury claim to the Government because she never identified any "claim for money damages in a sum certain." Dkt. 15 at 6 (quoting *Kokotis*, 223 F.3d at 278). While Plaintiff submitted an SF 95 to the Secret Service, she failed to identify any sum certain for her personal injury claim, instead stating that such amount was "[n]ot available at the moment"—notwithstanding the warnings on the SF 95 that Plaintiff was risking forfeiture of her rights by failing to identify a sum certain of her claimed damages. Dkt. 15-2 at 1–2; *id.* at 2 ("Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.").

Indeed, there is no dispute that Plaintiff did not identify a sum certain on her SF 95. Plaintiff rather argues that she "was incapable of knowing the extent of her personal injury damages" at the time she submitted the form, given the "recency of her accident." Dkt. 21 at 1–2. But the Fourth Circuit found such arguments unavailing in *Ahmed*. In that case, the plaintiffs wrote on the SF 95 "not yet determined" for the amount sought for their personal injury claim;

---

[3] In addition, if the claimant is represented by counsel, the representative's authorization must be demonstrated. *Ahmed*, 30 F.3d at 517. This requirement is not at issue in this case.

6

and contended that "because [one plaintiff's] back condition was uncertain at the time, it was not possible for them to have placed a certain value on their personal injury claim." *Ahmed*, 30 F.3d at 516–17. The Fourth Circuit rejected the argument, holding that it "overlooks the flexibility provided by the FTCA in giving claimants ample opportunity to amend their claims as the evidence develops." *Id.* Thus, the plaintiffs "need only have presented *some specific valuation of their claims*, and their failure to do so means that they did not present the claim and consequently they did not exhaust their administrative remedies." *Id.* at 518 (emphasis added). So too here—Plaintiff's failure to include a sum certain in her SF 95 demonstrates that that form did not sufficiently present her claim to the agency as necessary to exhaust her administrative remedies.

Next, Plaintiff argues that the relevant regulations do not require the sum certain to be specifically included in the SF 95, but instead the claim with a sum certain can be presented in "an executed Standard Form 95 *or other written notification of an accident*." Dkt. 21 at 3 (quoting 28 C.F.R. § 14.2(a)) (emphasis added). Plaintiff contends that a claim presented to an agency is "sufficiently presented, and administrative remedies exhausted, when an otherwise incomplete SF95 is coupled with other written notification, including a civil complaint." *Id.* at 3. Here, Plaintiff argues, she not only filed the SF 95 with the Secret Service but also filed the civil complaint in this Court on October 18, 2022, in which she specified a "sum certain on the value of her personal injury claim: $1,000,000." Dkt. 21 at 5. And that filing was within two years of the underlying accident (i.e., October 20, 2020).

This argument fails for several reasons. First, the Supreme Court has clearly held that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and when a claimant "fail[s] to heed that clear statutory command," the district court properly dismissed the suit. *McNeil*, 508 U.S. at 113. Plaintiff's argument that

7

she could put *the agency* on notice of a sum certain and thus exhaust her administrative remedies by reference to her *federal court complaint* runs headlong into the Supreme Court's directive in *McNeil* that a claimant cannot even bring suit in federal court "until they have exhausted their administrative remedies." Plaintiff's argument puts the proverbial cart before the horse and is foreclosed by *McNeil*.

Second, even if were possible to put an agency on notice of a sum certain for a claim by reference to a filed complaint, the record in this case demonstrates that Plaintiff did not notify the Government of the sum certain within two years of the accident. The accident occurred on October 20, 2020, and Plaintiff filed her complaint in this action just shy of two years from that date—October 18, 2022. Dkt. 1. However, the affidavits of service show Plaintiff did not serve any defendant until Mr. Lesicka was served almost two months after the complaint was filed (December 16, 2022), Dkt. 6, and she only served the Secret Service, Department of Homeland Security, and United States on December 19, 2022, Dkts. 8–10. Thus, those federal agencies did not "*receive*[ ] from [the] claimant … an executed Standard Form 95 or *other written notification of an accident*, accompanied by a claim for money damages in a sum certain for … personal injury," 28 C.F.R. § 14.2(a) (emphasis altered), within two years of the accident. Accordingly, because Plaintiff "failed to present [her] personal injury claim to the [agencies] as required within two years of the accident, [Plaintiff] [is] now barred from pursuing the claim in this lawsuit." *See Ahmed*, 30 F.3d at 518.

Plaintiff's authorities—all from outside the Fourth Circuit—do not support her argument that the Court should consider the Government to have been on notice of a sum certain of her claim by reference to her complaint, which was filed but not served on the Government. As the Government argues, *Williams v. United States*, 693 F.2d 555 (5th Cir. 1983), stands for the

8

unobjectionable proposition that the sum certain need not necessarily have been written on the SF 95 itself, but could have been presented to the agency by another writing—a proposition consistent with the plain language of the applicable regulations. *See* 28 C.F.R. § 14.2(a). In *Williams*, the plaintiff filed a prior state court case against the Postal Service, and he "merely s[ought] to supplement the information contained in that [SF 95] with facts contained in his complaint from the state action." 693 F.2d at 558. Moreover, in *Williams*, the Fifth Circuit explained that the plaintiff not only filed the administrative claim within two years of the accident but "it [was] also clear that the government was apprised of the specifics of that claim by information contained in his state court complaint." *Id.* at 558. By contrast, the Government in this case only "received" notification of the sum certain when Plaintiff served the federal court complaint on the Government two months *after* the two-year statute of limitations expired.

The other cases Plaintiffs cites are readily distinguishable. *See, e.g.*, *Thompson v. United States*, 749 F. Supp. 299, 300 (D.D.C. 1990) (plaintiff gave sufficient notice of a sum certain in a letter estimate of medical expenses submitted to agency alongside SF 95, though not specifically in the SF 95 itself); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F. Supp. 410, 417–18 (E.D.N.Y. 1994) (pre-suit letter attaching draft complaint included sum certain of amount of damages set forth in draft complaint); *Stancomb v. United States*, 121 F. Supp. 2d 1019, 1021–22 (E.D. Tex. 2000) (agency that had actually received a copy of the complaint was on notice of the sum certain contained therein, but holding that the court still lacked subject matter jurisdiction over the claim since plaintiff had not exhausted administrative remedies "before pursuing a civil action in federal court").

Finally, Plaintiff argues that the Secret Service Chief Counsel's letter to her prior lawyer "dictated the terms for the filing of a proper administrative claim against the federal government

9

when he stated that 'this claim will be forever barred unless suit is filed in the appropriate Federal district court under the Federal Tort Claims Act within six months of this final denial." Dkt. 21-3 at 2. According to Plaintiff, the Chief Counsel "did not say 'unless suit is filed and served,'" and so "[a] reasonable assumption is that [he] intended to monitor" this District's docket "to confirm the filing date of the suit against the federal defendants in federal court." Dkt. 21 at 6. Not so. Nothing in the letter would give the reader any "reasonable assumption" that the Chief Counsel was shouldering a duty to monitor dockets proactively for filings against his agency and relieve claimants like Plaintiff of the duty to notify and present their claims to the agency. *See* 28 C.F.R. § 14.2(a). And that stands in stark contrast with the repeated, unequivocal language by the Chief Counsel advising Plaintiff's former lawyer of the need to submit a sum certain for her claim and supporting documentation, which Plaintiff's former lawyer repeatedly failed to act upon. *See* Dkt. 21-3 at 2 ("Please be advised that no action can be taken on your client's claim until a sum certain for all claims has been established and verified."); *id.* ("Because we have not received any communication from your firm since our August 18, 2021, letter, if the Secret Service does not receive any correspondence from you within 45-days, the Secret Service will consider this claim closed and this claim will be deemed denied.").

At bottom, Plaintiff failed to exhaust her administrative remedies because she failed to present a claim for damages in a sum certain to the Secret Service. The Government's motion to dismiss will be granted, in an accompanying order to follow. *See Kokotis*, 223 F.3d at 278 ("Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.").

The Clerk of Court is directed to send this Memorandum Opinion to the parties.

Entered this 18th day of July, 2023.

                                                */s/ Norman K. Moon*
                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE